UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHIMAKO YOKOZEKI,
    Plaintiff,

    v.                                CIVIL ACTION NO.
                                    13-12587-MBB

ALAN H.L. CARR-LOCKE,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING**
**THE VERDICT OR IN THE ALTERNATIVE FOR A NEW TRIAL**
**(DOCKET ENTRY # 59)**

**August 19, 2015**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to enter a judgment notwithstanding the verdict filed by defendant Alan H. L. Carr-Locke ("defendant") under Fed.R.Civ.P. 50(b) ("Rule 50(b)").[1] Neither the motion nor the predecessor Rule 50(a) motion (Docket Entry # 53) specified the law or the facts entitling defendant to relief.  In the alternative, defendant moves "for a new trial and states as reasons therefore that the jury's verdict was against the weight of the evidence, based on speculation, prejudice and

---

[1] Although the motion does not cite to the applicable rule, it is evident that defendant refers to Rule 50(b).  See Chamberlin v. Town of Stoughton, 601 F.3d 25, 36 (1st Cir. 2010) ("Federal Rule of Civil Procedure 50 was amended in 1991, and 'the term judgment as a matter of law was adopted to refer to preverdict (directed verdict) and postverdict (*judgment notwithstanding the verdict*) motions'") (emphasis added).

bias" under Fed.R.Civ.P. 59 ("Rule 59").  (Docket Entry # 59). Plaintiff Shimako Yokozeki ("plaintiff") opposes the motion. (Docket Entry # 60).

## DISCUSSION

An evidentiary sufficiency challenge under Rule 50(b), which is the "most common" type of challenge under Rule 50(b), Fresenius Medical Care Holdings, Inc. v. U.S., 763 F.3d 64, 68 (1st Cir. 2014), provides a basis to set aside a jury verdict "'only . . . when "the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party."'" Malone v. Lockheed Martin Corp., 610 F.3d 16, 20 (1st Cir. 2010); accord Mercado-Berrios v. Cancel-Alegria, 611 F.3d 18, 22 (1st Cir. 2010).  The evidence and reasonable inferences are viewed "'in the light most favorable to' the non-moving party" and it is not appropriate to evaluate "the credibility of the witnesses" or "the weight of the evidence."  Malone v. Lockheed Martin Corp., 610 F.3d at 20.  "'Courts may only grant a judgment contravening a jury's determination when "the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party."'" Id.  With respect to Rule 59(a), a new trial is warranted "'only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice.'" Ira Green, Inc. v. Military Sales & Service Co., 775 F.3d 12, 18

(1st Cir. 2014).

Here, the evidence was more than sufficient for the jury to render a verdict on the breach of contract claim as well as the money had and received claim and the money due on one or more negotiable instruments claim.  A promissory note (Ex. 1), emails exchanged between plaintiff and defendant and plaintiff's testimony provide ample support for the jury's verdict.

## CONCLUSION

The motion for judgment notwithstanding the verdict or, alternatively, a new trial (Docket Entry # 59) is therefore **DENIED**.

  /s/ Marianne B. Bowler  
**MARIANNE B. BOWLER**  
United States Magistrate Judge