UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHIMAKO YOKOZEKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 13-12587-DPW |
| | ) | |
| ALAN H.L. CARR-LOCKE, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION FOR AN ORDER IMPOSING A CONSTRUCTIVE TRUST IN SIX MOTOR VEHICLES AND REQUIRING RAGNHILD HOVLUND TO DELIVER TITLES OF THE MOTOR VEHICLES TO THE JUDGMENT CREDITOR

Plaintiff and Judgment Creditor Shimako Yokozeki ("Ms. Yokozeki") hereby moves the Court to enter an Order imposing a constructive trust in six (6) motor vehicles which are the property of Alan H.L. Carr-Locke (the "Judgment Debtor") and requiring Ragnhild Hovlund to sign the original titles of the six (6) motor vehicles in blank and deliver them to The Gordon Law Firm LLP for the benefit of Ms. Yokozeki in partial satisfaction of her Final Judgment (defined *infra*) against the Judgment Debtor. In support of this motion, Ms. Yokozeki states:

1. This matter was tried before a jury on July 20, 2015, July 22, 2015 and July 23, 2015. The jury returned a verdict in favor of Ms. Yokozeki on July 23, 2015 and on July 24, 2015, final judgment was entered (the "Final Judgment").

2. According to the Final Judgment, this Court ordered and adjudged that Ms. Yokozeki recover from Judgment Debtor the amount of $117,663.00, plus pre-judgment interest in the amount of $25,028.37, plus post-judgment interest under 28 U.S.C. § 1961 and Fed. R. Civ. P. 54(d)(1) costs of the action.

3.  On March 4, 2016 this Court issued a Writ of Execution on the Final Judgment in this case in the amount of $145,625.54, plus post-judgment interest.

4.  On April 6, 2016, this Court allowed Ms. Yokozeki's Application for Supplementary Process and issued a Notice of Examination.  A Supplementary Process hearing will take place on May 26, 2016 at which time the Judgment Debtor is required to appear and submit to an examination relative to his property and ability to pay.

5.  In aid of execution of the Final Judgment, counsel for Ms. Yokozeki deposed the Judgment Debtor on May 4, 2016.

6.  At deposition, the Judgment Debtor testified to the existence of the following six (6) cars for which he, and he alone, had paid the purchase prices:

   (1)  a 1991 Mercedes TE Wagon;

   (2)  a 1977 Mercedes 450 SEL;

   (3)  a 1991 Jaguar XJS;

   (4)  a 1991 Mercedes 420 SEL;

   (5)  a 2001 Mercedes S430; and

   (6)  a 1974 Jaguar KE "Roadster" (together, the "Judgment Debtor Cars").

Although Judgment Debtor purchased the Judgment Debtor Cars, he had the titles issued to Ragnhild Hovlund, his domestic partner ("Ms. Hovlund").

7.  The Judgment Debtor testified that the 1991 Mercedes TE Wagon, 1977 Mercedes 450 SEL and 1991 Jaguar XJS are kept at the Judgment Debtor's home located at 1600 Main Street in Walpole, Massachusetts and, although registered and titled to Ms. Hovlund, he supplies her with the funds to pay $6,369.00 in insurance premiums on those vehicles.

8. The Judgment Debtor further testified that the 1991 Mercedes 420 SEL, 2001 Mercedes S430, and 1974 Jaguar KE "Roadster" are currently being stored at European Auto Solutions in Waltham, Massachusetts. These three (3) vehicles are also titled to Ms. Hovlund, but are not registered. The Judgment Debtor testified that he does not pay for the vehicles to be stored at European Auto Solutions because <u>he</u> is friends with the owner.

9. The Judgment Debtor testified at deposition that Ms. Hovlund did not purchase any of the Judgment Debtor Cars. The Judgment Debtor bought all of them.

10. Ms. Hovlund was deposed in connection with this matter on June 9, 2015. At her deposition, when asked about any vehicles, she testified as follows:

Q. Do you own a car?

A. Yes, I believe a number of the cars are in my name.

Q. So there are several cars. How many cars do you own?

A. Well, I'm not sure if they were all in my name but the car that I drive and I believe at least two other cars.

…

Q. How long has have you owned -- strike that. So you believe that some, if not all, of these cars are in your name?

A. Yes.

Q. And what has led you to believe that?

A. Well, I think some years ago he [the Judgment Debtor] told me that he put either some or all of the cars in my name.

Q. Did he tell you why he was doing that?

A. No, I assume, perhaps, to protect assets. I don't know specifically.

Q: Do you know when this was, five years ago, ten years ago?

A. I would say within the last five years perhaps.

11. It was not possible to confront Ms. Hovlund with the testimony from and documents produced by the Judgment Debtor concerning the Judgment Debtor Cars because, although having also been subpoenaed to appear for a Deposition in Aid of Judgment on May 4, 2016, Ms. Hovlund sent an email fifteen minutes after her scheduled time to appear saying that she had no counsel, "had been advised not to appear" and simply failed to appear. As of this date, neither Ms. Hovlund nor any counsel acting on her behalf has initiated any communication regarding a new date for her deposition.

12. "A constructive trust is an involuntary equitable trust created as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner." *In re Real Estate Associates Ltd. Partnership Litig.*, 223 F. Supp. 2d 1109, 1139 (C.D. Cal. 2002).

13. Under Massachusetts law, "[a] constructive trust is a flexible tool of equity designed to prevent unjust enrichment resulting from fraud, a violation of a fiduciary duty or confidential relationship, mistake, or "other circumstances" in which a recipient's acquisition of legal title to property amounts to unjust enrichment." *Maffei v. Roman Catholic Archbishop*, 449 Mass. 235, 248 (2007) citing *Fortin v. Roman Catholic Bishop of Worcester,* 416 Mass. 781, 789, cert. denied, 511 U.S. 1142 (1994). See also *Nessralla v. Peck,* 403 Mass. 757, 762-763 (1989); *Kelly v. Kelly,* 358 Mass. 154, 156 (1970).

14. A constructive trust is a remedy, not a cause of action. *See In re Handy,* 624 F3d 19, 22 (1st Cir. 2010) ("Constructive trusts are not substantive rights that confer

a cause of action; they are remedial devices employed by courts once liability is found and where equity requires").

15. In the present case, Ms. Hovlund did not purchase any of the Judgment Debtor Cars and gave no value in exchange for the vehicles being titled to her. In fact, at the time of her deposition, she did not even know how many of the cars were in her name. The Judgment Debtor retains possession and complete control over the Judgment Debtor Cars despite the transfer of bare legal title. Ms. Hovlund testified that she assumed the transfer was made in order to protect assets. The transfer of the titles was a farce to prevent the Judgment Debtor's creditors, including Ms. Yokozeki, from reaching the vehicles. The foregoing circumstances show that Ms. Hovlund was in fact unjustly enriched when she acquired the titles to the Judgment Debtor Cars in exchange for no value, and thus, equity requires imposition of a constructive trust in the Judgment Debtor Cars, establishing that that the Judgment Debtor is in the true owner of the Judgment Debtor Cars.

16. Pursuant to M.G.L. c. 224 s. 16:

> If after a full hearing at which the creditor shall have the burden of proof the court finds that the debtor has property not exempt under section thirty-four of chapter two hundred and thirty-five from being taken on execution, the court may order him or it to produce it, or so much thereof as may be sufficient to satisfy the judgment with interest as provided for by section eight of said chapter two hundred and thirty-five, and with costs of execution and costs of the proceedings or in aid of judgment or execution so that it may be taken on the execution; or may order the debtor to execute, acknowledge if necessary, <u>and delivery to the judgment creditor, or to a person in his behalf, a transfer, assignment, or conveyance thereof</u>; or if after such hearing the court finds that the debtor is able to pay the judgment in full or by partial payments, the court may order the debtor to pay the judgment, with interest as provided for by said

5

>section eight, and with costs of execution and costs of the
>proceedings or in aid of judgment or execution in full or by
>partial payments from time to time; or the court may make
>an order combining any of the orders above mentioned.
>(emphasis added)

17. After hearing, and in accordance with M.G.L. c. 224 s. 16, Ms. Yokozeki requests that this Court order that Ragnhild Hovlund sign the original titles of the Judgment Debtor Cars in blank and deliver them to The Gordon Law Firm LLP for the benefit of Ms. Yokozeki in partial satisfaction of her Final Judgment. After sale of the Judgment Debtor Cars, Ms. Yokozeki will notify the Judgment Debtor of the net amount received after costs of sale which shall be applied in reduction of the Final Judgment.

18. Attached hereto as <u>Exhibit A</u> is a proposed Order. Ms. Yokozeki respectfully requests entry of the proposed Order.

WHEREFORE, Ms. Yokozeki hereby requests that this Court (1) enter an Order imposing a constructive trust in the six motor vehicles of Alan H.L. Carr-Locke and requiring that Ragnhild Hovlund sign the original titles of the Judgment Debtor Cars in blank and deliver them to The Gordon Law Firm LLP for the benefit of Shimako Yokozeki in partial satisfaction of her Final Judgment; and (2) grant all other relief as deemed necessary.

REQUEST FOR A HEARING

Ms. Yokozeki hereby requests a hearing on this Motion on May 26, 2016 at 2:45 pm (the date and time scheduled for the Examination of the Judgment Debtor).

SHIMAKO YOKOZEKI, Plaintiff,

By her attorneys,

/s/ Katherine P. Lubitz
Stephen F. Gordon (BBO No. 203600)
Todd B. Gordon (BBO No. 652482)
Katherine P. Lubitz (BBO No. 679045)
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
Tel:   (617) 261-0100
Fax:   (617) 261-0789
Email: sgordon@gordonfirm.com
          tgordon@gordonfirm.com
          klubitz@gordonfirm.com

CERTIFICATE OF SERVICE

I, Katherine P. Lubitz, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants and upon Alan H.L. Carr-Locke and Ragnhild Hovlund (as noted below) on May 10, 2016.

| Alan H.L. Carr-Locke | Ragnhild Hovlund |
| 1600 Main Street | 1600 Main Street |
| Walpole, MA 02081 | Walpole, MA 02081 |

/s/ Katherine P. Lubitz
Katherine P. Lubitz (BBO No. 679045)

P:\Clients-GLF\Yokozeki re Carr-Locke\Plead\Motion for Constructive Trust and Delivery of Car Titles.docx