UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

SHIMAKO YOKOZEKI,
      Plaintiff,


      v.                                    CIVIL ACTION NO.
                                             13-12587-MBB

ALAN H.L. CARR-LOCKE,
      Defendant.

                    **MEMORANDUM AND ORDER RE:**
                **SUPPLEMENTARY PROCESS PROCEEDING;**
         **MOTION FOR CONSTRUCTIVE TRUST (DOCKET ENTRY # 83);**
           **MOTION FOR SANCTIONS AGAINST DEFENDANT'S COUNSEL**
                        **(DOCKET ENTRY # 94)**

                          **March 28, 2017**

**BOWLER, U.S.M.J.**

     Pending before this court is:  (1) a motion filed by plaintiff Shimako Yokozeki ("plaintiff") seeking to impose a constructive trust on certain property of defendant Alan H. L. Carr-Locke ("defendant") consisting of six vehicles in order to pay a judgment entered in this case (Docket Entry # 83); and (2) a motion for sanctions under Fed.R.Civ.P. 11 ("Rule 11") filed by plaintiff (Docket Entry # 94) against defendant.[1]  A supplementary process finding regarding defendant's ability to pay the judgment also remains outstanding.

                            BACKGROUND

     On July 24, 2015, a final judgment entered awarding

---

[1] Although the caption of the motion refers to sanctions against defendant's counsel, the body of the motion seeks sanctions against defendant.

plaintiff the amount of $117,663, prejudgment interest in the amount of $25,028.37, postjudgment interest under 28 U.S.C. § 1961 and costs under Fed.R.Civ.P. 54(d)(1) against defendant. To date, defendant has not paid any portion of the judgment.

On March 4, 2016, this court issued a writ of execution on the judgment commanding defendant to pay plaintiff the amount of $145,625.54, a figure consisting of the above items, including $2,934.17 in costs.[2]  On March 7, 2016, this court allowed plaintiff's motion to appoint a special process server to serve the writ of execution.  (Docket Entry ## 76, 78).  On March 8, 2016, plaintiff filed an application for supplementary process under Massachusetts General Laws chapter 224 ("chapter 224"), section 14.  (Docket Entry # 79); see Fed.R.Civ.P. 69.  The application:

> request[ed] that this Court enter an order (1) allowing its Application for Supplementary Process; (2) setting a date for an examination of the Debtor, Alan H.L. Carr-Locke, relative to his property and ability to pay the judgment against him in this case in full or by partial payment from time to time; and (3) issuing the Notice of Examination in the form set forth in Exhibit B.

(Docket Entry # 79) (underlining omitted).  On April 6, 2016, this court allowed the application for supplementary process, issued a notice of examination as requested, and set an examination date of May 19, 2016.  (Docket Entry # 80).  The notice commanded defendant to appear in court on that date and to

---

[2] The writ thereby established the amount of costs.

submit to an examination of his property and ability to pay the judgment. On April 8, 2016, defendant's counsel purportedly emailed plaintiff's counsel informing him that defendant's counsel would "'accept service for'" defendant's supplementary process proceeding. (Docket Entry # 94-1). On May 2, 2016, this court rescheduled the examination to May 26, 2016 at 2:45 p.m. (Docket Entry # 82).

On May 10, 2016, plaintiff filed the motion requesting this court to impose a constructive trust on the six vehicles purportedly purchased by defendant and titled in the name of Ragnhild Hovlund ("Hovlund"), his "life partner" and with whom he has two children. (Docket Entry # 69, p. 79).[3] Shortly thereafter, this court set a hearing on the motion and any other pending motion for May 26, 2016 at 2:15 p.m. (Docket Entry # 85).

At the time of the trial, Hovlund resided with defendant at a residence in Walpole, Massachusetts. (Docket Entry # 69, pp. 78-79). She testified that she drove a 1992 Mercedes 300TD station wagon titled in her name and had driven the car for a long time. (Docket Entry # 69, pp. 84-85). She also stated there were "two other registered cars in" her name and two other cars in storage. (Docket Entry # 69, p. 85).

---

[3] In contrast to Hovlund's trial testimony above, defendant testified that he had "lived together separately" with Hovlund "[f]or many years." (Docket Entry # 70, p. 12).

Hovlund is identified as president, treasurer, secretary and director of Informed Decisions LLC in the corporation's articles of organization filed with the Secretary of State of the Commonwealth of Massachusetts. (Docket Entry # 69, pp. 87-88) (Docket Entry # 70, pp. 41). Incorporated in Massachusetts in September 2013, the company existed previously albeit not as a Massachusetts corporation, according to defendant. (Docket Entry # 69, pp. 86-88, 104-105). At trial, Hovlund could not identify the business of the corporation and she had no duties at the corporation notwithstanding her titles. (Docket Entry # 69, pp. 87-88).

On May 26, 2016, this court heard oral argument on the motion for a constructive trust and an amended motion to dismiss for lack of jurisdiction filed by defendant. (Docket Entry ## 83, 88). The latter motion asserted there was no jurisdiction for the supplementary process proceeding because plaintiff had not served defendant with a summons as required under section 14 of chapter 224. (Docket Entry # 88). Grounded on the improper filing of the amended motion to dismiss, the motion for sanctions argues that summons was not required in light of the notice of examination, the discretionary language of section 14, and the aforementioned acceptance of service by defendant's counsel. This court also heard argument on the supplementary process matter on May 26, 2016. At the close of the proceedings, this court took the motions (Docket Entry ## 83, 88) and the

supplementary process matter under advisement. Neither defendant nor Hovlund testified at the May 26, 2016 examination. Although plaintiff's counsel referred to Hovlund's and defendant's deposition testimony a number of times, he did not offer the depositions into evidence during the May 26, 2016 supplementary process proceeding. Plaintiff's counsel also made a number of other cogent, well-stated arguments but did not provide evidence to support them at the proceeding.

The following day, plaintiff filed a proposed supplementary process order that included a finding that defendant has $1,000 available per month to pay rent for an office and a business storage space that is not necessary because defendant does not work. (Docket Entry # 89). Plaintiff did not cite evidence to support the finding. At trial, Hovlund described defendant as retired. (Docket Entry # 69, p. 80). During trial, defendant testified that he had an office in South Boston and paid either $20,000 or $30,000 a year in rent. (Docket Entry # 70, p. 7). He also testified that he closed an office in Boston in 2013. (Docket Entry # 69, p. 142). The proposed order additionally states that defendant had paid his attorney at the time approximately $35,000 in legal fees over a 22-month time period.[4] As stated in court on May 26, 2016 and recited in the proposed

---

[4] Plaintiff's counsel also made this assertion at the May 26, 2016 proceeding but did not provide evidence to support it.

order, plaintiff submits that defendant can therefore make partial payments in the amount of $2,500 a month on the debt. (Docket Entry # 89).

On September 9, 2016, Informed Decisions LLC entered into a one-year lease of a residential suite at Wellesley Place in Wellesley, Massachusetts.  (Docket Entry # 98-1).  At the request of Informed Decisions LLC, it paid the annual rent of $37,200 in advance of the September 10, 2016 start date of the lease. (Docket Entry # 98-1).  A wire transfer of $37,200 from an account under the names of Andrew and Elizabeth Carr-Locke in a bank in the United Kingdom to Wellesley Place LLC took place shortly before the term of the lease commenced.  (Docket Entry # 98-1, p. 7) (Docket Entry # 98-2).  Plaintiff alleges (Docket Entry # 98, ¶ 8) that Andrew Carr-Locke is defendant's brother. At his deposition, defendant purportedly provided an exhibit allegedly from his brother that indicated that he owed defendant the sum of £735,723 as of April 30, 2016.[5]  (Docket Entry # 98-3).  The occupants of the suite consist of defendant, Hovlund, Christian Carr-Locke, and Alexander Carr-Locke.  (Docket Entry # 98-1).

DISCUSSION

I.  Supplementary Process

---

[5] Defendant characterizes the funds as a loan whereas plaintiff maintains the funds are defendant's property held by his brother.

Unless the court directs otherwise, a money judgment entered in a federal court is enforced by a writ of execution. Fed.R.Civ.P. 69(a)(1).  Under Rule 69, the procedure on execution and in aid of judgment "*must* accord with the procedure of the state where the court is located."  Rule 69(a)(1), Fed.R.Civ.P. (emphasis added); see Aetna Casualty & Surety Co. v. Markarian, 114 F.3d 346, 350 (1st Cir. 1997); Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978) ("overall intent of Rule 69(a) is to limit both the procedure for obtaining process and the effect of writs to that available under state law").

In Massachusetts, after a judgment creditor files an application for supplementary process, "[a] summons may then issue requiring the judgment debtor to submit to" the "examination under oath as to his 'property and ability to pay.'" In re Birchall, 913 N.E.2d 799, 807 (Mass. 2009).  Defendant did not testify at the rescheduled May 26, 2016 examination. Defendant's counsel appeared and stated, not under oath, that defendant had a number of other debts, including $140,000 to a private school, and lacked the ability to pay the judgment.  No testimony or other evidence was taken at the May 26, 2016 examination.

The judgment creditor has the burden of proof at the hearing to show that defendant has the ability to pay the judgment, excluding non-exempt property.  Mass. Gen. Laws ch. 224, § 16; accord In re Birchall, 913 N.E.2d at 807, 811.  Section 16 of

chapter 224 provides that:

> If after a full hearing at which *the creditor shall have the burden of proof* the court finds that the debtor has property not exempt . . ., the court may order him or it to produce it, or so much thereof as may be sufficient to satisfy the judgment . . . ; or if after such hearing the court finds that the debtor is able to pay the judgment in full or by partial payments, the court may order the debtor to pay the judgment.

Mass. Gen. Laws ch. 224, § 16 (emphasis added). At the discretion of the court, "[t]he examination may be oral or in writing." Mass. Gen. Laws ch. 224, § 15. In light of the lack of written evidence or testimony at the hearing as required under sections 15 and 16 of chapter 224, plaintiff did not meet her burden. See Mass. Gen. Laws ch. 224, §§ 15, 16; In re Birchall, 913 N.E.2d at 807 (noting that judgment creditor "bears the burden of proof"); see also Aetna Casualty & Surety Co. v. Markarian, 114 F.3d at 349 (paraphrasing Gabovitch v. Lundy, 584 F.2d at 560). The subsequently filed status report almost nine months after the May 26, 2016 examination and after this court took the supplementary process matter under advisement is not part of the examination.

Plaintiff may renew the application for supplementary process at *any* time, however, and seek to admit the recent evidence of the lease, the bank account, the wire transfer, and any other *evidence* at a future examination. See Mass. Gen. Laws ch. 224, § 18 (if "proceedings are dismissed, the creditor, shall not, within one year . . . , file a new application against the

same debtor . . . , *unless the court otherwise orders*") (emphasis added); Mass. Gen. Laws ch. 224, § 15 ("[e]ither party may introduce additional evidence" at the examination); see generally Mass. Gen. Laws ch. 224, § 16 ("court may at any time renew, revise, modify, suspend or revoke any order made in any proceedings"); Board of Commissioners of Stark County, Ohio v. Cape Stone Works, Inc., 206 F.Supp.2d 100, 105 (D.Mass. 2002) (denying motion to deliver goods and advising plaintiff of remedies and process afforded under section 224 if plaintiff chooses to file supplementary process application). The dismissal of the application is therefore without prejudice and may be renewed at any time.

II. Motion for Constructive Trust

As noted, plaintiff seeks a constructive trust on six vehicles which plaintiff claims are defendant's property. (Docket Entry # 83). The motion initially asserts that a constructive trust is an equitable tool to prevent unjust enrichment resulting from fraud or other circumstances. (Docket Entry # 83) (quoting Maffei v. Roman Catholic Archbishop of Boston, 867 N.E.2d 300, 312 (Mass. 2007)). The motion also relies on the supplementary process proceeding and the ability to require the judgment debtor (defendant) to deliver or convey non-exempt property to the judgment creditor (plaintiff). (Docket Entry # 83). In addition to other arguments, defendant opposes

the constructive trust on the grounds that the title holder of these cars, Hovlund, is not a party and that a constructive trust only arises when plaintiff confers a benefit on defendant. (Docket Entry # 84).  Hovlund did not file an opposition to the motion.

Turning to the first basis for the motion, "A constructive trust is a flexible tool of equity designed to prevent unjust enrichment resulting from fraud, a violation of a fiduciary duty or confidential relationship, mistake, or 'other circumstances' in which a recipient's acquisition of legal title to property amounts to unjust enrichment."  Maffei v. Roman Catholic Archbishop of Boston, 867 N.E.2d at 312.  Courts in Massachusetts regard The Restatement (Third) of the Law of Restitution and Unjust Enrichment (the "Restatement") as authoritative on the issue of constructive trust.  See Shehan v. Schlegal, 2014 WL 5486251, at *1 (Mass.App.Ct. Oct. 31, 2014) (quoting Restatement § 55).  The Massachusetts Supreme Judicial Court also adopts language which closely tracks that of the Restatement on the issue of constructive trust.  See Mickelson v. Barnet, 460 N.E.2d 566, 568 (Mass. 1984) (embezzler "became a constructive trustee of the money and its traceable proceeds").

Under the Restatement, constructive trust is not confined to a buyer-seller relationship and it "permits the claimant to assert ownership of (i) specifically identifiable property for

which the defendant is liable in restitution or (ii) its traceable product by the rules of §§ 58-59." Restatement § 55 cmt. g; see Mickelson, 460 N.E.2d at 568.  The first scenario arises when the property on which a claimant seeks to impose a constructive trust is the same property in dispute in the underlying litigation.  See Restatement § 55 cmt. g.  The second scenario arises when the property in dispute in the original litigation or the proceeds from its disposal has been commingled with defendant's other property.  See Restatement § 55 cmt. g. Section 59, to which comment g to section 55 refers, provides that, "If property of the claimant is deposited in a common account or otherwise commingled with other property so that it is no longer separately identifiable, the traceable product of the claimant's property may be identified in . . . property acquired with withdrawals from the commingled fund, or a portion thereof . . .." Restatement § 59.  In this scenario, even if direct identification of a claimant's asset is impossible, section 59 creates "tracing fictions," giving claimant "the ability to trace the claimant's assets" when "there have been intermediate withdrawals from a commingled fund."  Restatement § 59 cmt. d. These are also known as the "tracing rules."  Restatement § 59 cmt. a.

With respect to the first scenario set out in comment g of section 55 in the Restatement, defendant's purported purchase of

11

the six vehicles[6] has an insufficient relationship to any misconduct of defendant for which he "is liable in restitution." Restatement § 55, cmt. g.  The transactions in which defendant allegedly paid for the vehicles and registered them in Hovlund's name were not the basis for which the jury found defendant liable to plaintiff.

Plaintiff's constructive trust claim fares no better under the tracing rules.  Plaintiff bears the burden to trace the money defendant fraudulently received from plaintiff to the alleged purchase of the six vehicles in question.  See Maffei, 867 N.E.2d at 312; see also Restatement §§ 55 cmt. g & 59.  At this time, the record fails to establish that defendant used any part of the money defendant received from plaintiff to purchase the six vehicles in question.

With respect to the second aspect of the motion which relies on section 16 of chapter 224, plaintiff fails in her burden to show that the six vehicles are defendant's property.  See Mass. Gen. Laws ch. 224, § 16.  As explained in Roman numeral I, there is a lack of sufficient evidence to find that defendant has non-exempt property and an ability to pay all or part of the judgment.  This ruling does not foreclose plaintiff from seeking to establish that one or more of the vehicles constitutes non-

---

[6] At the May 26, 2016 hearing, defendant's counsel stated, without objection, that defendant purchased the vehicles in 2005.

exempt property of defendant at a future supplementary process proceeding.  A denial of the motion for a constructive trust without prejudice is therefore appropriate.

III.  Motion for Sanctions

Plaintiff grounds the motion for sanctions on the May 24, 2016 filing of the amended motion to dismiss.  (Docket Entry # 94).  Plaintiff contends that defendant filed the motion to unnecessarily delay the supplementary process proceeding.  She also submits that the legal contentions are not warranted by existing law or a nonfrivolous argument to extend such law and the factual contentions lack evidentiary support.  (Docket Entry # 94).

The amended motion to dismiss argued that plaintiff did not serve defendant with a summons for the May 26, 2016 examination.  (Docket Entry # 88).  The motion further asserted that section 14 of chapter 224 requires a summons served at least seven days prior to the May 26, 2016 proceeding.  (Docket Entry # 88).  After taking the motion under advisement at the May 26, 2016 hearing, this court denied the motion on May 27, 2016 for reasons stated in plaintiff's opposition and during oral argument.

Plaintiff served defendant with the Rule 11 motion on May 25, 2016.  (Docket Entry # 94-2).  Rule 11(c)(2) allows a non-movant to withdraw the challenged motion within 21 days of service, i.e., June 15, 2016.  Fed.R.Civ.P. 11(c)(2).  Defendant

13

filed a motion to withdraw the amended motion on June 16, 2016, i.e., 22 days after service of the Rule 11 motion. (Docket Entry # 93). He therefore does not fall within the protection of Rule 11(c)(2).

Rule 11(b) authorizes "sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." CQ Intern. Co., Inc. v. Rochem Intern., Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011); see Fed.R.Civ.P. 11(b). Section 14 of chapter 244 states that, "Upon the filing of" an "application, a summons *may* issue, requiring the judgment debtor to appear at a time and place named therein and submit to an examination relative to his or its property and ability to pay." Mass. Gen. Laws ch. 244, § 14 (emphasis added); accord In re Birchall, 913 N.E.2d at 807. The plain language of the statute uses the discretionary term "may" to state that "summons may issue." Mass. Gen. Laws ch. 244, § 14. "'The word "may" in a statute commonly imports discretion.'" Begelfer v. Najarian, 409 N.E.2d 167, 174 (Mass. 1980). As a result, neither existing law nor a nonfrivolous argument to extend it exists to justify the argument in the amended motion to dismiss that, "Issuance and service of summons" on "[d]efendant is a requirement in order for this court to have jurisdiction over the [d]efendant." (Docket Entry # 88) (citing section 14 of chapter 224). Rule 11 sanctions are therefore warranted for the

violation of Rule 11(b)(2).

In addition, the notice of examination issued by this court on April 6, 2016 "commanded [defendant] to appear" and submit to the examination. (Docket Entry # 80). This court issued the notice of examination through the Electronic Case Filing system and thereby served defendant's counsel with the notice. See Fed.R.Civ.P. 5(b); LR. 5.4 (governing "filing and service by electronic means") (capitalization and bolding omitted). As an order by this court commanding defendant to appear at the examination, the notice of examination serves the same function as a summons. See also Jackpot Provision Co., Inc. v. Lamb, 2007 WL 2163992, at *1 n.3 (Mass.App.Ct. 2007) (observing that Mass.R.Civ.P. 4(a), which addresses summons to commence action, "speaks in terms of service of the summons—a form of process defined as 'original process'" and, "under Black's Law Dictionary, supra, process includes a writ of execution, also termed 'final process'"). Although defendant objects to sanctions because the notice of examination states that, "'The creditor has applied for a summons for you to appear and to submit to an examination'" (Docket Entry # 95), the next sentence "commanded" defendant "to appear" before this court "to submit to such an examination." (Docket Entry # 80). Finally, defendant's counsel accepted service of a subpoena for defendant to appear at the hearing. (Docket Entry # 94-1) (Docket Entry # 95)

(acknowledging that defendant's counsel accepted service of witness subpoena for defendant to appear at supplementary process hearing).

Rule 11(c) authorizes sanctions against a "party that violated" Rule 11(b). Fed.R.Civ.P. 11(c)(1). Sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(3). A sanction may consist of "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R.Civ.P. 11; see, e.g., Kersey v. Becton Dickinson and Co., 2016 WL 4492867, at *3 (D.Mass. Aug. 25, 2016) (allowing Rule 11 sanctions motion and "award[ing] reasonable attorney's fees and costs incurred in bringing [the] motion") (unpublished). Defendant is therefore ordered to pay the reasonable attorney's fees and costs plaintiff incurred to file and to argue the motion for sanctions (Docket Entry # 94). Plaintiff shall prepare and file an affidavit of such attorney's fees and costs on or before April 14, 2017.

## CONCLUSION

An order directing defendant to make partial or full payment on judgment under sections 15 and 16 of chapter 224 is **DENIED** without prejudice at this time. Plaintiff may submit a new application at any time in the event she wants to continue to

(acknowledging that defendant's counsel accepted service of witness subpoena for defendant to appear at supplementary process hearing).

Rule 11(c) authorizes sanctions against a "party that violated" Rule 11(b). Fed.R.Civ.P. 11(c)(1). Sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(3). A sanction may consist of "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R.Civ.P. 11; see, e.g., Kersey v. Becton Dickinson and Co., 2016 WL 4492867, at *3 (D.Mass. Aug. 25, 2016) (allowing Rule 11 sanctions motion and "award[ing] reasonable attorney's fees and costs incurred in bringing [the] motion") (unpublished). Defendant is therefore ordered to pay the reasonable attorney's fees and costs plaintiff incurred to file and to argue the motion for sanctions (Docket Entry # 94). Plaintiff shall prepare and file an affidavit of such attorney's fees and costs on or before April 14, 2017.

## CONCLUSION

An order directing defendant to make partial or full payment on judgment under sections 15 and 16 of chapter 224 is **DENIED** without prejudice at this time. Plaintiff may submit a new application at any time in the event she wants to continue to

(acknowledging that defendant's counsel accepted service of witness subpoena for defendant to appear at supplementary process hearing).

Rule 11(c) authorizes sanctions against a "party that violated" Rule 11(b).  Fed.R.Civ.P. 11(c)(1).  Sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed.R.Civ.P. 11(c)(3).  A sanction may consist of "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R.Civ.P. 11; see, e.g., Kersey v. Becton Dickinson and Co., 2016 WL 4492867, at *3 (D.Mass. Aug. 25, 2016) (allowing Rule 11 sanctions motion and "award[ing] reasonable attorney's fees and costs incurred in bringing [the] motion") (unpublished). Defendant is therefore ordered to pay the reasonable attorney's fees and costs plaintiff incurred to file and to argue the motion for sanctions (Docket Entry # 94).  Plaintiff shall prepare and file an affidavit of such attorney's fees and costs on or before April 14, 2017.

## CONCLUSION

An order directing defendant to make partial or full payment on judgment under sections 15 and 16 of chapter 224 is **DENIED** without prejudice at this time.  Plaintiff may submit a new application at any time in the event she wants to continue to

pursue a collection of the judgment through supplementary process.  The motion to impose a constructive trust (Docket Entry # 83) is **DENIED** without prejudice.  The motion for sanctions (Docket Entry # 94) is **ALLOWED.**  On or before April 14, 2017, plaintiff shall file an affidavit of the reasonable attorney's fees and costs plaintiff incurred to file and to argue the motion for sanctions.

                                         /s/ Marianne B. Bowler
                                      **MARIANNE B. BOWLER**
                                      United States Magistrate Judge