UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHIMAKO YOKOZEKI,
    Plaintiff,

    v.                                        CIVIL ACTION NO.
                                              13-12587-MBB

ALAN H.L. CARR-LOCKE,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR PARTIAL RECONSIDERATION OF ORDER**
**GRANTING MOTION FOR RULE 11 SANCTIONS**
**(DOCKET ENTRY # 103)**

**June 29, 2017**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to reconsider one aspect of a March 28, 2017 Memorandum and Order (Docket Entry # 102, p. 1, n.1; pp. 13-17), namely, the imposition of sanctions awarded against defendant Alan H. L. Carr-Locke ("defendant") as opposed to defendant's former counsel ("defendant's counsel"). After conducting a hearing on June 19, 2017, this court took the motion (Docket Entry # 103) under advisement.

BACKGROUND

Plaintiff Shimako Yokozeki ("plaintiff") points out, correctly, that the underlying motion requested sanctions against defendant's counsel. (Docket Entry # 103). The caption of the underlying motion for sanctions requested "Rule 11 Sanctions Against Defendant's Counsel." (Docket Entry # 94). The first and last sentences of the motion asked for sanctions against

defendant's counsel.  The body of the motion depicted the actions of defendant but only in connection with the filing by defendant's counsel of a motion to dismiss supplementary process proceedings because plaintiff had not served defendant with a summons as required under Massachusetts General Laws chapter 224, section 14 ("section 14").  Section 14 provides that, "Upon the filing of" an application for supplementary process, "a summons *may* issue, requiring the judgment debtor to appear . . .."  Mass. Gen. Laws ch. 224, § 14 (emphasis added).  Plaintiff recites the relevant passages (Docket Entry # 103, ¶ 4) that, together with the first and last sentences and the caption, establish that the failure to impose the sanctions against defendant's counsel was both obviously incorrect and unreasonable.

### DISCUSSION

To succeed on a reconsideration motion, "'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.'"  Mulero-Abreu v. Puerto Rico Police Dept., 675 F.3d 88, 95 (1st Cir. 2012); accord Ellis v. U.S., 313 F.3d 636, 648 (1st Cir. 2002).  The existence of a manifest injustice also provides a basis for reconsideration.  U.S. v. Moran, 393 F.3d 1, 8 (1st Cir. 2004); Ellis, 313 F.3d at 648; see Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988) ("courts should be loathe to" reconsider

2

absent "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice"); Antony v. Duty Free Americas, Inc., 705 F.Supp. 2d 112, 114 (D. Mass. 2010). The manifest injustice exception "requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong." Ellis, 313 F.3d at 648. Exercising this court's discretion, it is the definite and firm conviction of this court that the failure to award the sanctions against defendant's counsel was unreasonable and obviously incorrect. Indeed, it works a manifest injustice.

It is therefore necessary to determine the amount of an award. The motion for sanctions under Fed.R.Civ.P. 11 ("Rule 11") seeks an "award of reasonable expenses of opposing the Motion to Dismiss and presenting" the motion for sanctions against defendant's counsel. (Docket Entry # 94). Plaintiff's affidavit sets out the actual time spent by three attorneys to draft, revise, and finalize the motion as well as for two attorneys to attend the hearing. At the rates charged by each attorney, the 22.90 hours results in a total of $10,416.

Rule 11(c)(4) limits an attorney's fee sanction to "the *reasonable* attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(4) (emphasis added). Further, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others

3

similarly situated." Fed.R.Civ.P. 11(c)(4).

Here, the amount of attorney's fees actually incurred exceeds the amount of reasonable attorney's fees "warranted for effective deterrence." Fed.R.Civ.P. 11(c)(4). As aptly reasoned by defendant's counsel (Docket Entry # 105, pp. 4-5), the motion entailed a recitation of the procedural history, a straight forward legal argument based on the plain meaning of "may" in section 14, and a preparation of the billing hours (Docket Entry ## 104, 104-1). The difficulty and the nature of the work does not require the use of partners with the expertise and exemplary abilities of Attorneys Stephen and Todd Gordon for 10.2 hours. Rather, a reasonable fee entails only a brief amount of time reviewing an associate's preparation of the motion. Moreover, the hearing reasonably required only one attorney in attendance for plaintiff. Factoring in the deterrence calculus yields a reasonable attorney's fee that is warranted for effective deterrence of 6.0 hours at a $295 rate ($1,770) and .8 hours at a $475 rate ($380) for a total award of $2,150.

Separately, the Memorandum and Order (Docket Entry # 102) explained the basis for the sanction as required by Rule 11(c)(6). In addition, the arguments made by defendant counsel's (Docket Entry # 105) do not meet the standard to justify a reconsideration of the March 28, 2017 decision to impose sanctions. They also do not warrant a denial of plaintiff's

4

request to impose the sanctions against defendant's counsel as opposed to defendant.

## CONCLUSION

The motion for partial reconsideration (Docket Entry # 103) is **ALLOWED** to the extent sanctions are awarded against defendant's counsel in the amount of $2,150.

      /s/ Marianne B. Bowler  
      **MARIANNE B. BOWLER**  
      United States Magistrate Judge